# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ALVIN JACKSON** | § | |
| **on behalf of herself,** | § | **NO:** |
| **individually and ALL OTHERS** | § | |
| **SIMILARLY SITUATED** | § | |
| Plaintiffs, | § | |
| | § | |
| **v.** | § | **JURY DEMANDED** |
| | § | |
| **HMJ PLASTERING LLC** | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, PLAINTIFF ALVIN JACKSON, on behalf of himself individually and all others similarly situated, (hereinafter referred to as "Plaintiff") and complain of Defendant HMJ PLASTERING LLC, (hereinafter collectively referred to as "Defendant") and for cause of action would show the Court as follows:

## INTRODUCTION

1.     This is a collective action suit to recover unpaid overtime wages. Plaintiff's claims and those of putative class members are brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.     This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendant's willful failure to pay overtime wages and compensation for hours worked, but not recorded or paid, pursuant to 29 U.S.C. § 216(b). Plaintiff ALVIN JACKSON files this Complaint individually, and on behalf of all others similarly situated, in the course of their employment with the Defendant.

3.     ALVIN JACKSON and all others similarly situated demand a jury trial

on all issues that may be tried to a jury.

4.    This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

5.    This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6.    Plaintiff ALVIN JACKSON, on behalf of himself individually and the Plaintiff class, brings this action to recover unpaid overtime wages and compensation earned but not paid, by the Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

7.    This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

8.    Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## PARTIES

9.    Plaintiff ALVIN JACKSON, is a resident of Houston, Texas.

10.    Members of the "Putative Class" are current and former employees (including Plaintiffs) of Defendant who work, or have worked, for Defendant as "Laborers" and "Drivers" whose job duties included delivering goods, and performing manual labor.

11.    Putative class members, like Plaintiffs, were paid straight time, not overtime for hours worked past forty (40) hours per week for defendant. Plaintiffs and putative class members were also not compensated for off the clock work performed at the direction, benefit and required by defendant.

12.    Defendant HMJ PLASTERING LLC can be served with summons by

serving its President Jose Gonzalez at 2950 Shafer Road, Suite 3, Pasadena, Texas 77502.

13.     Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

14.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

15.     At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

16.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s) (1).

17.     At all material times, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18.     Defendant is Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## CLASS ALLEGATIONS

19.     Plaintiff ALVIN JACKSON, files this case as an "opt in" collective action, as it is specifically allowed by 29 U.S.C. § 216(b).

20.     The class that Plaintiff ALVIN JACKSON, seeks to represent may be described as follows:

All current and former employees of Defendant who worked as Drivers and Manual Laborers whose job duties included delivering goods and performing manual labor, and claims that he or she was not compensated at time and a half for hours worked above forty each workweek and who were not compensated for off the clock work performed, in violation of 29 U.S.C. 201 et. seq.

21.     Plaintiff, ALVIN JACKSON, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by counsel for Plaintiffs ALVIN JACKSON, as required by 29 U.S.C. § 216(b).

22.     Those persons who choose to opt in, referred to as the "Putative class members", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

23.     Plaintiff ALVIN JACKSON contends that this action is appropriate for collective action status because Defendant herein has acted in the same manner with regard to all members of the putative class.

## FACTS

24.     At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 et. seq.

25.     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

26.     Defendant has employed Plaintiff ALVIN JACKSON from October to November 2014 and from March 2016 to present. Plaintiff works as a "Driver" and "Manual Laborer" for Defendant whose job duties include delivering goods and performing manual labor.

27.     During his employment and in the routine performance of day-to-day job

duties, Plaintiff has performed non-exempt work, during a significant period of most days, as classified by the Act, because the performance of Plaintiff's job required it and because Defendant's management required the performance of those non-exempted job duties, as a condition of his continued employment.

28.     During Plaintiff ALVIN JACKSON'S employment, he has been paid at a regular hourly rate of $11 per hour. Defendant has a company wide policy (at all of its Texas locations) of not paying Plaintiffs and similarly situated drivers and manual laborers time and a half for overtime hours worked above forty (40) per week. Defendant would routinely manipulate time keeping records in order to reduce the total number of hours recorded and thus avoid paying Plaintiff and similarly situated employees time and a half for overtime hours worked.

29.     Plaintiff ALVIN JACKSON'S regular workweek schedule was Mondays to Fridays. Plaintiff would routinely work at least seventy (70) hours per week. Plaintiff and similarly situated employees are not paid overtime wages for the overtime hours worked.

30.     Plaintiff and similarly situated employees were routinely required to work through lunch breaks without pay. In addition to working through lunch breaks without pay, plaintiffs and similarly situated employees were required to begin their shift one hour before clocking in for the day and end their shift two hours after clocking out for the day. When the total number actual number of hours worked by plaintiffs and similarly situated employees is divided by their hourly rate ($11 per hours), the quotient is less than minimum wage, in violation of the Fair Labor Standards Act.

31.     Further, during these hours worked, Plaintiff performed the function of his job, which included the performance duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendant's management required it, as a condition of Plaintiff's continued employment.

32.     Defendant required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiffs and other similarly situated employees to work  "overtime" and "off the clock" hours as defined by 29 U.S.C. § 201 *et seq*., for which they failed to receive overtime  compensation as required by the Act.

33.     Defendant failed to pay statutory overtime as required by 29 U.S.C. § 201 *et seq*.

## FIRST CLAIM FOR RELIEF
### (Unpaid overtime compensation under the FLSA)

34.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if  fully written herein.

35.     Plaintiff ALVIN JACKSON and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S. C. 201, et  seq., as well as by the administrative regulations used to interpret the Act.

36.     Plaintiff ALVIN JACKSON and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek and minimum wage for off the clock hours worked.

37.     Defendant failed to compensate Plaintiff and all others similarly situated, their  entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

38.     Defendant failed to compensate Plaintiffs and all others similarly situated, their entitled pay (including overtime pay) for those hours worked in excess of forty (40) per week and for off the clock work performed.

39.     Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to compensate

the Plaintiff and all other similarly situated employees overtime pay for all hours worked in excess of 40 hours per week. Defendant failed to Compensate Plaintiff for overtime hours worked both on and off the clock and failed to compensate Plaintiffs and similarly situated employees at minimum wage for off the clock hours worked.

40.     Defendant failed to keep or record time accurate records reflecting what hours employees, such as the Plaintiff and those similarly situated actually worked. Defendant would manipulate the time keeping mechanisms in order to reduce the hours worked by Plaintiff and similarly situated employees for the purpose of avoiding payment of overtime wages.

41.     The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

42.     No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week or for time worked off the clock.

43.     Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

44.     Plaintiffs and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendant until the date of trial.

45.     Plaintiffs and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## **COLLECTIVE ACTION ALLEGATIONS**

46. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

47. Other employees have been victimized by the above referenced pattern, practice, and policy of Defendants in violation of the FLSA.

48. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

49. Other, similarly situated employees are being denied their lawful wages.

50. Accordingly, Defendant's pattern and practice of failing to pay overtime pay (at time and one-half) and failure to pay for off-the-clock work as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the members' class.

51. Plaintiff ALVIN JACKSON'S experiences are typical of the experiences of the putative class as it pertains to compensation.

52. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

53. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week and not paid for off the clock work performed, are similarly situated.

54. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

55. All current and former employees who worked as Drivers and Laborers who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime pay for hours worked in excess of forty (40) and not compensated for off the clock work in any given workweek are properly included as members of the class.

## SECOND CLAIM FOR RELIEF
### (Violations of 29 CFR 516)

56.     Defendant failed to maintain and keep proper records.  Said conduct of defendant is in violation of 29 Code of Federal Regulations Part 516.  Specifically, Defendant failed to maintain records accurate records reflecting the time and day of week when employee's workweek begins, the hours worked each day, total hours worked each workweek, the basis on which employees wages are paid, regular hourly pay rate, total daily or weekly straight time earnings, and the total overtime earning for the workweek.  Defendant also violated 29 CFR 516 by failing to maintain accurate payroll records for three years and failing to maintain records on which wage computations (i.e. time cards, work and time schedules, and records of hours worked) are based for two years.  Defendant also failed to maintain a timekeeping mechanism or plan in violation of 29 CFR 516.

### ATTORNEY'S FEES

57.     Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully  written herein.

58.     Plaintiff ALVIN JACKSON, and all other similarly situated employees of defendant, are entitled to recover  attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

### JURY DEMAND

59.     Plaintiff ALVIN JACKSON, on behalf of himself and all other similarly situated employees make a formal demand  for a jury trial in this matter.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff ALVIN JACKSON and all other  similarly situated employees of defendant respectfully request that upon hearing, the Court grant Plaintiffs, and all others  similarly situated employees of

defendant relief as follows.

a.  Declare that Defendant has violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to pay Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period and failing to compensate them for off the clock hours worked;

b.  Enjoin Defendant from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and for failing to compensate for work performed, but not recorded or paid;

c.  Order Defendant to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiffs worked during the relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages.

d.  Order Defendant to pay Plaintiffs damages for its unlawful retaliation.

e.  Order Defendant to pay Plaintiff and all others similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

f.  Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendant.

g.  Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff ALVIN JACKSON and to all other similarly situated employees of the Defendants.

Dated: November 15, 2016

Respectfully submitted,

THE FOLEY LAW FIRM
By: /s/ Taft L. Foley II
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com